## MILLER *v.* BAXTER *et al.*

The Supreme Court will not reverse a refusal to enjoin a sale of land by a sheriff who had rejected an affidavit of illegality alleging that the levy under which he was proceeding was excessive, when the record discloses that there was upon the property a lien of older date than that of the judgment upon which such execution was issued, and that the contemplated sale was to be made subject to the senior lien, and does not disclose that the value of the property so greatly exceeded the amount fof the lien in question as to suggest that the levy sought to be restrained was fraudulent or oppressive.

Submitted June 17, — Decided August 1, 1899.

Petition for injunction.    Before Judge Reagan.    Butts' superior court.    June 5, 1899.

*Ray & Ray*, for plaintiff.

LITTLE, J. We can not say that the judge committed error in refusing to grant the injunction prayed for by the plaintiff. It is alleged in the petition that the levy of an execution for eighty dollars upon one hundred acres of land of the value of two thousand dollars was excessive, and that for this reason an injunction should be granted restraining the sale. If nothing more appeared in the case than that land susceptible of being subdivided, of the value of two thousand dollars, had been levied on to satisfy an execution for eighty dollars, it is probable that the judge of the superior court, if he did not restrain the sale altogether, would have done so to the extent of limiting the sale to so much of the land as would be necessary to satisfy the debt and expenses. But it appears by reference to an exhibit attached to the affidavit of illegality, which it is alleged that the sheriff refused to accept, that in the year 1896 the plaintiff in error conveyed to one E. J. Emmons the land in question, to secure a loan of money for the principal sum of $450, and that T. W. Baxter, having a judgment against the plaintiff in error for about the sum of eighty dollars, paid to Emmons the amount due on the debt of Miller, and had Emmons to convey to the plaintiff in error title to the same under the provisions of section 5433 of the Civil Code, so as to make the land subject to sale under execution on his judgment. It does not appear whether there are any other liens on the land described, but from this exhibit it appears that the land is bound for the payment of $450 principal, besides interest, which is a prior lien to the one now seeking to be enforced against the land. For aught that appears in the record, there may be other liens or judgments binding the land. It can not well be that the land is of the value of two thousand dollars and that there are only debts existing against it to the amount of $530; because, in the affidavit attached to the record, the plaintiff in error makes oath that, from her poverty, she is unable to pay the cost or give the security for the eventual condemnation-money. But in the absence of more specific allegations, it can not be determined that as a matter of law the levy is excessive. If the land is incapable of subdivision without destroying its value, or if there are outstanding liens

of prior dignity which would be paid out of the proceeds of the sale of the land in preference to the execution levied, the levy would not be excessive. How these matters are we can not say, because we are furnished with no information concerning them by the record. Under the allegations made, the judge did not err in refusing the injunction.

*Judgment affirmed.   All the Justices concurring.*